**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc Delany, ) | No. CV-06-2265-PHX-SMM |
| ) | |
| Plaintiff, ) | **MEMORANDUM OF DECISION AND ORDER** |
| v. ) | |
| U.S. Forest Service, ) | |
| Defendant. ) | |

Before the Court is Defendant's Motion for Summary Judgment (Dkt. 11), and Defendant's Objection/Request to Strike Evidence in Support of Plaintiff's Response to Defendant's Statement of Facts (Dkt. 20). Plaintiff, appearing pro se, brings this action against the United States seeking recognition of easements pursuant to the Quiet Title Act, 28 U.S.C. § 2409a. For reasons explained below, Defendant's motions are granted.[1]

## BACKGROUND

Plaintiff challenges the government's right to exclude him from upper Trail 67, an access route to which Plaintiff claims a right of use. Plaintiff owns real property at the southern end of the Mohawk 4 property development, located in Yavapai County, Arizona.

---

[1] Plaintiff requested oral argument in connection with his response to Defendant's Motion for Summary Judgment. As the Court finds that the issues presented can be decided without oral argument, Plaintiff's request is denied.

(Compl. ¶ 1.) Plaintiff's real property is an "inholding," part of a subdivision surrounded on all sides by National Forest system lands. (Id.) In the past, Plaintiff used upper Trail 67 for northern access from his real property to the intersection of Spruce Mountain Road (52A). (Id., Ex. 9, pg. 3.) In 1994, the Bureau of Land Management conducted a dependent resurvey of the area ("the resurvey"). (DSOF Ex. 1, Declaration of Robert J. Jackson ¶ 6.) Plaintiff alleges that the resurvey moved upper Trail 67 from private land to federally-managed land. (Compl. pg. 4.) The Forest Service closed upper Trail 67 to vehicle use by its Blue John Private Access Easement granted on November 1, 2002 ("Blue John").[2] (DSOF ¶ 13.) Plaintiff alleges that he is entitled to a common law easement by necessity over upper Trail 67, and that certain recorded easements also provide him with a right of use over upper Trail 67. (Id. ¶ 9.)

This is Plaintiff's third lawsuit arising out of the closing of Trail 67. In Delany v. United States, CIV 03-59-PCT-VAM (Delany I), Plaintiff sought relief under the Federal Torts Claims Act for the loss or destruction of locks and chains placed on a gate on Trail 67. See Dkt. 90, Order entered June 24, 2005, CIV 03-59-PCT-VAM. In Delany v. U.S. Forest Service, et al., CIV 04-2352-PCT-MHB (Delany II), Plaintiff sued the Forest Service under the Administrative Procedure Act for its final agency decision closing upper Trail 67 to vehicular traffic. Defendants in both cases prevailed on motions for summary judgment.[3]

Plaintiff now seeks relief under the Quiet Title Act, 28 U.S.C. § 2409a, alleging he has an easement across upper Trail 67 as "an implied easement, and/or way of necessity." (Compl. ¶ 4.) Plaintiff also alleges that certain recorded easements also grant him a right of access over upper Trail 67. (Id. ¶¶ 5-6.) Defendant filed a motion for summary judgment on April 17, 2007, supported by a memorandum of law and a statement of facts. (Dkts. 11-

---

[2] An exception exists for emergency use by the Walker Fire Protection Association. (PSOF Ex. E.)

[3] Plaintiff also filed administrative challenges to the Blue John decision (DSOF, Ex. 5, Blue John Appeal Decision) and the resurvey (PSOF, Ex. H). Both were unsuccessful.

- 2 -

1  13.) The motion is now fully briefed and ready for determination. The Court has jurisdiction
2  pursuant to 28 U.S.C. § 1346(f), which grants district courts exclusive original jurisdiction
3  of actions to quiet title against the United States. Venue is proper according to 28 U.S.C. §
4  1402(d), as the property is located in this district.

## STANDARD OF REVIEW

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the nonmoving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994). Substantive law determines which facts are material. See Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986); see also Jesinger, 24 F.3d at 1130. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. The dispute must also be genuine, that is, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." Id.; see Jesinger, 24 F.3d at 1130.

A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." Celotex, 477 U.S. at 323-24. Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Citadel Holding Corp. v. Roven, 26 F.3d 960, 964 (9th Cir. 1994). The moving party need not disprove matters on which the opponent has the burden of proof at trial. See Celotex, 477 U.S. at 323-24. The nonmovant "may not rest upon the mere allegations or denials of [the party's] pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-88 (1986); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). A trial court can only consider admissible

evidence in ruling on a motion for summary judgment. Fed. R. Civ. P. 56(e); Orr v. Bank of America, 285 F.3d 764, 773 (9th Cir. 2002).

## DISCUSSION

Plaintiff seeks an implied easement by necessity, and recognition of certain "pre-existing rights" allegedly reflected in recorded easements. Before addressing those arguments, the Court will first discuss Defendant's objections to evidence Plaintiff offered in support of his statement of facts.

### A. Defendant's Evidentiary Objections

Defendant[4] objected and moved to strike certain exhibits attached to Plaintiff's Response to Defendant's Statement of Fact ("PSOF"). Plaintiff attached fifteen exhibits to the PSOF, labeled A-P. Defendant objected to Exhibits A, C, G, I, K, and P on the grounds that they are not authenticated and no foundation is provided for their admissibility.[5] (Dkt. 20.) Plaintiff did not file a response to Defendant's objections.

A trial court can only consider admissible evidence in ruling on a motion for summary judgment, and authentication is a condition precedent to admissibility. Orr, 285 F.3d at 773; see also Fed. R. Civ. P. 56(e). A document is authenticated by evidence sufficient to support a finding that the matter in question is what its proponent claims. Fed. R. Evid. 901(a). Federal Rule of Evidence 901(b) lists ten methods, by way of illustration, for authentication. Id. at 901(b). Documents authenticated through personal knowledge must be attached to an affidavit by a person through whom they could be

---

[4] Although the Complaint names the United States Forest Service as a defendant, the United States is the only proper defendant under the Quiet Title Act. 28 U.S.C. § 2409a(a).

[5] Plaintiff did not include a table of contents or list of exhibits, but the documents appear to be the following: a .jpg image of the Prescott National Forest (Exhibit A); a topographical map of the area around Plaintiff's real property (Exhibit C); a survey request, title insurance documents, surveys, and a partitioning order (Exhibit G); a letter from John Holt, District Ranger to "Forest Supervisor," and a letter from Coy G. Jemmett, Forest Supervisor to "Regional Forester" (Exhibit I); another map of the area (Exhibit K); and another topographical map of the area (Exhibit P).

1 introduced at trial. <u>Orr</u>, 285 F.3d at 774. Documents which lack a proper foundation to
2 authenticate them cannot support a motion for summary judgment. <u>Beyenne v. Coleman</u>
3 <u>Sec. Servs., Inc.</u>, 854 F.2d 1179, 1182 (9th Cir. 1988).

4     Plaintiff failed to serve and file a memorandum responding to Defendant's
5 objections to the exhibits. Thus the Court may deem Plaintiff's silence on the matter as
6 consent to the granting of Defendant's motion, and dispose of the motion summarily.
7 LRCiv 7.2(i). Moreover, Plaintiff submitted no affidavits in connection with his exhibits,
8 and the exhibits to which Defendant objects are not otherwise authenticated. Therefore
9 they cannot be considered in opposition to Defendant's Motion for Summary Judgment,
10 and Defendant's objections to Exhibits A, C, G, I, K, and P are sustained. <u>See</u> Fed. R.
11 Civ. P. 56(e).

12 **B. Plaintiff's Claim to Use Upper Trail 67**

13     Plaintiff alleges an interest in an easement across upper Trail 67 "as an implied
14 easement, and/or way of necessity." (Compl. ¶ 4.) Plaintiff also alleges an interest in
15 express, recorded easements. (<u>Id.</u> ¶¶ 5, 6.) Defendant's motion for summary judgment
16 argues that Plaintiff's implied easement and easement by necessity claims fail as a matter
17 of law because Plaintiff has a statutory right of access to the south of his property.
18 (Def.'s Mem. of Law 4.) Defendant further argues that no jurisdiction exists to the extent
19 Plaintiff claims a right of access across patented (private) land. (<u>Id.</u>) Plaintiff responds
20 that necessity remains because he continues to be denied access northward, and that the
21 trail became part of federally managed property as a result of the resurvey of the area.
22 (<u>See</u> Pl.'s Resp. to Def.'s Mem. of Law 2.)

23         1. <u>Easement by necessity</u>

24     "An easement by necessity is created when (1) the title to two parcels of land was
25 held by a single owner; (2) the unity of title was severed by a conveyance of one of the
26 parcels; (3) at the time of severance, the easement was necessary for the owner of the
27 severed parcel to use his property." <u>Fitzgerald Living Trust v. United States</u>, 460 F.3d
28

1259, 1266 (9th Cir. 2006). An easement by necessity is extinguished once the necessity is no longer present, such as when statutory rights of access are granted. Id. at 1266-67.

In response to Plaintiff's claim for an implied easement or easement by necessity, Defendant asserts that these common law remedies are preempted by statute. (Def.'s Mem. of Law 3-4.) Case law supports this contention. Adams v. United States, 3 F.3d 1254, 1259 (9th Cir. 1993)(Adams I); Adams v. United States, 255 F.3d 787, 794 (9th Cir. 2001)(Adams II)("[A]ll common law claims are preempted by ANILCA and FLPMA where, as here, the United States owns the servient estate for the benefit of the public."). Additionally, Plaintiff's statutory access defeats his claim for easement by necessity on the merits. Fitzgerald, 460 F.3d at 1266. The Alaska National Interest Lands Conservation Act ("ANILCA")[6] directs the Secretary of Agriculture to provide access across National Forest Service lands as is adequate to secure reasonable use and enjoyment of his or her land. See 16 U.S.C. § 3210(a). Defendant puts forth evidence that the Forest Service's Blue John Private Access Easement granted on November 1, 2002 ("Blue John") provides Plaintiff with an easement consistent with ANILCA for southern access to his property. (Def.'s SOF ¶ 13, Ex. 5 Blue John Appeal Decision at 3; see also Delany v. U.S. Forest Service, CV 04-2352-PCT-MHB Dkt. 71.)

Plaintiff responds that "no such document is attached at defendant's Exhibit 5, no such document was issued to Plaintiff." (PSOF ¶ 13.) Plaintiff appears to argue that no copy of the *easement* was attached or issued, as Exhibit 5 (Blue John Appeal Decision) was indeed attached. Plaintiff elsewhere argues that the "document does not exist," apparently because it does not grant him access to the north of his property. (See Pl.'s Resp. to Def.'s Mot. for Summ. J. 7; Pl.'s Resp. to Def.'s Mem. of Law 2.) In any event, Plaintiff does not dispute that he has statutory access to the south of his property under ANILCA, and thus his claim for an easement by necessity fails because the necessity is

---

[6] Despite its title, this provision of ANILCA applies nationwide. Fitzgerald, 480 F.3d at 1262 n.5, citing Montana Wilderness Ass'n v. U.S. Forest Serv., 655 F.2d 951, 957 (9th Cir. 1981)..

- 6 -

1  no longer present. See Fitzgerald, 460 F.3d 1267. Summary judgment is therefore
2  appropriate because Plaintiff "fails to make a showing sufficient to establish the existence
3  of an element essential to that party's case, and on which that party will bear the burden
4  of proof at trial." Celotex, 477 U.S. at 322.

          2.  Recorded easements

6  Defendant also seeks summary judgment on Plaintiff's claim that certain recorded
7  easements provide him with a right to use upper Trail 67. The Complaint alleges that two
8  recorded easements provide Plaintiff with rights of access. (Compl. ¶¶ 5-6.) The first
9  recorded easement, dated October 9, 1982 ("the 1982 easement"), is for "ingress, egress
10 and utilities" across property described by calls. (Compl. Ex. 1.) The easement is
11 appurtenant to "the North 735.73 feet of the Lone Star Mining Claim" and lists the
12 current and future owners of that north 735.73 feet as grantees. (Id.) The second
13 easement, dated February 13, 1993 ("the 1993 easement"), grants to the general public an
14 easement for ingress and egress "over and across the North 15 feet of the West 50 feet of .
15 . . THE LONE STAR lode mining claim . . . EXCEPT the North 736 feet thereof. (Said
16 Easement to connect with Forest Service Trail No. 67.)" (PSOF Ex. O.)

17 Defendant argues that the United States has no retained property interest in the
18 patented lands across which the recorded easements run. (Def.'s Mot. for Summ. J. 3;
19 DSOF ¶ 8.) Defendant supports this contention with a declaration by Patrick Hickey,
20 Regional Land Surveyor. (DSOF Ex. 2, Decl. of Patrick Hickey ¶¶ 5-6.) Defendant
21 further argues that no jurisdiction exists over Plaintiff's recorded easement claim because
22 the Quiet Title Act requires that the United States claim an interest in the property.
23 Leisnoi, Inc. v. United States, 170 F.3d 1188, 1191 (9th Cir. 1999). Defendant asserts
24 that any dispute regarding the true location of the Lone Star properties, based to the
25 resurvey, is of no consequence to the result. (Def.'s Reply at 2 n.3.)

26 Plaintiff spreads his response to Defendant's argument across three documents: an
27 eight page Response to Defendant's Motion for Summary Judgment (Dkt. 17); a three-
28 page Response to Defendant's Memorandum of Law (Dkt. 18); and a Statement of Facts

1 disputing five of Defendant's thirteen facts (Dkt. 19).[7]  In sum, Plaintiff alleges that the
2 1982 and 1993 easements granted access across patented Lone Star lands, that the
3 resurvey resulted in these patented lands and upper Trail 67 being federally managed, and
4 that any vested property rights remain attached to land now under Defendant's control.
5 (See Compl. pg. 4; Pl.'s Resp. to Def.'s Mem. of Law pg. 2; Pl.'s Resp. to Def.'s Mot. for
6 Summ. J. pg. 4.)  Although Plaintiff's response to Defendant's Motion for Summary
7 Judgment does not itself direct the Court's attention to an evidentiary basis for this
8 argument, a review of Plaintiff's documents and exhibits reveals the following.

9       Plaintiff's Statement of Fact 6 asserts that "PNF 1977 and 2006 maps place [Trail
10 67] entirely on private land west of Lone Star (Delany II AR 14), and Exhibit P."
11 Plaintiff's Exhibits do not include an excerpt of record from Delany II, and Defendant's
12 objection to Exhibit P has been sustained.  Separate from Plaintiff's Statement of Facts,
13 Plaintiff's Response to Defendant's Motion for Summary Judgment (Dkt. 17) lists
14 asserted "Issues."  (See Pl.'s Resp. to Def.'s Mot. for Summ. J. 2-7.)  These "Issues"
15 include assertions that the resurvey shifted the location of the Lone Star lands and the
16 boundaries with Forest Service lands.  (See, e.g., id. at 4 (Issue 8), id. at 5 (Issue 10), id.
17 at 6 (Issue 17).)[8]  The Issues do not direct the Court's attention to any admissible
18 evidence suggesting that the recorded easements cover land now managed by Defendant.
19 However, the Court's own review of Plaintiff's Exhibits turned up the following:

---

[7] The Court has gone to some lengths to decipher the basis for Plaintiff's recorded easement claim, as Plaintiff's Complaint and documents in response to Defendant's Motion for Summary Judgment are not direct or clear on the subject.  The Court notes in this regard that while it has held Plaintiff to less stringent standards than trained lawyers, it is not the Court's task to "scour the record in search of a genuine issue of material fact."  Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) (citation omitted).

[8] Issue 18 asserts that a "'taking' by the PNF may have occurred."  (Pl.'s Resp. to Def.'s Mot. for Summ. J. 6.)  Plaintiff's Complaint does not contain a cause of action for a taking, and this offhand reference to fails to provide Defendant fair notice of a takings claim and the grounds upon which it rests.  See Fed. R. Civ. P. 8(a)(2); see also Pickern v. Pier 1 Imports (U.S.), Inc., 457 F.3d 963, 968-69 (9th Cir. 2006).

- 8 -

> "The record demonstrates that the segment of Trail 67 of concern to Delany was deemed to have crossed private land until the 1994 resurvey, and that as a result of the resurvey the boundaries of the Lone Star and Extension Lone Star claims, or MS Nos. 694 and 695, shifted westward, placing a segment of Trail 67 under USFS management."

(PSOF Ex. H, Interior Board of Land Appeals 2005-98 at 8.)

Defendant does not directly dispute that the resurvey altered the boundaries of the Lone Star properties. (See Def.'s Reply at 2 n.3.) Defendant contends that, regardless of the location of the Lone Star lands, upper Trail 67 crosses National Forest System lands before reaching the outlet road. (Def.'s Reply at 2 n.3; DSOF ¶ 10.) "Plaintiff cannot travel on Trail 67 north from his private property to access Forest Road 52A[9] without crossing NFS lands." (DSOF Ex. 1, Decl. of Robert. J. Jackson ¶ 7.) In other words, upper Trail 67 could not be used for ingress and egress to his property because Plaintiff lacks the right to use the portion of Trail 67—whichever portion that may be—belonging to the National Forest System. (Id.) Defendant further notes that the Blue John decision closes upper Trail 67 to non-emergency vehicle use. (DSOF ¶ 6.)

The 1982 easement was not included in Plaintiff's response to the Motion for Summary Judgment, it contains no reference to Trail 67, and Plaintiff does not assert an ownership interest in the north 735.73 feet of the Lone Star Mining Claim. (Cf. Compl. ¶ 1.) Therefore only the 1993 easement is relevant to Plaintiff's recorded easement claim. To the extent the 1993 easement provides access along Lone Star properties, Defendant does not claim an interest in the land and no jurisdiction exists under the Quiet Title Act. See Leisnoi, Inc., 170 F.3d at 1191. Assuming that the 1993 easement provides access across lands to which Defendant now claims an interest because of the resurvey, Plaintiff has not put forth evidence that it would allow him vehicular access along upper Trail 67. Plaintiff disputes whether Trail 67 is closed to vehicles, but does not provide admissible evidence to support his position. (PSOF ¶ 6.) Plaintiff does not dispute that use of upper

---

[9] The outlet road is referred to as both "Spruce Mountain Road (52A)" and "Forest Road 52A." Compare Def.'s Mem. of Law1 with Def.'s Ex. 1, Decl. of Robert J. Jackson ¶ 7.

1  Trail 67 for ingress and egress would require him to cross NFS lands regardless of the
2  location of the Lone Star properties.  (See PSOF at 1.)  As discussed above, Plaintiff
3  statutory access to the south of his property prevents him from claiming an easement by
4  necessity across NFS lands.  As a result, there is no genuine issue that recorded easements
5  provide Plaintiff with a right to use upper Trail 67 for ingress and egress to the north of
6  his property.  "Only disputes over facts that might affect the outcome of the suit . . . will
7  properly preclude the entry of summary judgment."  Anderson, 477 U.S. at 248.

## CONCLUSION

9  Summary judgment is appropriate if the pleadings and supporting documents,
10 viewed in the light most favorable to the nonmoving party, "show that there is no genuine
11 issue as to any material fact and that the moving party is entitled to judgment as a matter
12 of law."  Fed. R. Civ. P. 56(c).  In this case, there is no genuine issue that Defendant has
13 access to his property from the south, thus disposing of his claims for an implied
14 easement or easement of necessity.  Further, it is undisputed that the recorded easements
15 do not provide Plaintiff a right of vehicular access to his property, thus disposing of his
16 claim of access under "beneficial easement(s)".  Accordingly,

17 **IT IS HEREBY ORDERED** sustaining Defendant's Objection to evidence
18 offered in support of Plaintiff's Response to Defendant's Statement of Facts (Dkt. 20),

19 **IT IS FURTHER ORDERED** granting Defendant's Motion for Summary
20 Judgment  (Dkt. 11).  The Clerk shall enter judgment accordingly, and this action shall be
21 terminated.

22 DATED this 27th day of November, 2007.

_____
Stephen M. McNamee
United States District Judge